

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
OCT 10 2018
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:　　　　　　　　　　　　　)　　Case No. 18-23887-B-13
　　　　　　　　　　　　　　　　)
TIMOTHY LEROY NEHER,　　　　　 )　　DC No. JRD-1
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Debtor(s).　　　)
_____)

**MEMORANDUM AND ORDER DISMISSING CASE WITH PREJUDICE**

**Introduction**

　　　The court has before it a motion to dismiss this Chapter 13 case with prejudice pursuant to 11 U.S.C. §§ 349(a) and 1307(c) filed by LendingHome Funding Corporation. Docket 90. Debtor Timothy L. Neher has opposed the motion. Docket 139. The motion was heard on October 9, 2018. Appearances were noted on the record.

　　　This memorandum and order constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a) applicable by Federal Rules of Bankruptcy Procedure 7052 and 9014(c). For the reasons explained below, LendingHome's motion to dismiss will be granted and this Chapter 13 case will be dismissed with prejudice with the "with prejudice" dismissal being a one (1) year bar to debtor's refiling of any single or joint bankruptcy case under any chapter of the Bankruptcy Code.

**Background**

　　　This is the debtor's third Chapter 13 case filed within the span of eighteen months. The debtor's first Chapter 13 case was

filed on April 17, 2017, and dismissed on May 5, 2017, for failure to timely file documents. Case No. 17-22519. The debtor's second Chapter 13 case was filed on May 8, 2017, and dismissed on June 20, 2018, when the debtor was unable to confirm a plan after six attempts.[1] Case No. 17-23129. The debtor states that he decided to file this third Chapter 13 case on June 18, 2018, when he learned his prior Chapter 13 case would be dismissed based on his inability to confirm a plan. Docket 139 at ¶ 2.a.

The debtor filed the petition that commenced this third Chapter 13 on the same day that the order dismissing his second Chapter 13 case was filed, *i.e.*, June 20, 2018. More precisely, the petition that commenced this Chapter 13 case was filed at <u>2:35 p.m. on June 20, 2018</u>, and the order dismissing the debtor's prior Chapter 13 case was filed at <u>9:17 a.m. on June 20, 2018</u>. <u>Compare</u> Docket 1, Case No. 18-23887, <u>with</u> Docket 338, Case No. 17-23129.

With the petition that commenced this Chapter 13 case the debtor also filed a plan nearly identical to the plan that the court in the prior Chapter 13 case determined was not feasible and therefore unconfirmable. <u>Compare</u>, Case No. 18-23887, Docket 16, <u>with</u> Case No. 17-23129, Docket 295. Due to the absence of clear and convincing evidence of changed circumstances in the five-hour span between the dismissal of the debtor's prior

---

[1] The court concluded that the plan was not feasible because, in large part, of the debtor's inability to perform its terms and its proposal to sell the debtor's real property to a family member without evidence such a sale was likely. Case No. 17-23129, Dockets 331 & 338.

Chapter 13 case and the filing of this one, Dockets 52-54, this court expressed feasibility concerns similar to those the court in the debtor's prior 13 case expressed and likewise denied confirmation of the debtor's plan on September 20, 2018. See Dockets 121, 124, 131.

During the course of this case the court also noted an apparent manipulation of the schedules. When compared to amended schedules the debtor filed in his prior Chapter 13 case on June 15, 2018, just five days before the petition that commenced this case was filed on June 20, 2018, unsecured debts in Schedule E/F filed in this case are substantially lower. The former schedules list unsecured debt totaling $144,298.66 whereas the latter schedules list unsecured debt of $117,451.75. Compare Case No. 17-23129, Docket 324, with Case No. 18-23887, Docket 14. The debtor states he eliminated unsecured debts from the schedules filed in this case after creditors did not respond to a request to confirm their creditor status. Inasmuch as Schedule E/F clearly reflects that the debtor understands he can list unsecured debts as "disputed," Docket 14, the debtor's explanation is dubious at best.

It is also apparent that the debtor has used the bankruptcy process in general, and this Chapter 13 case in particular, to hinder, delay, and defraud LendingHome by preventing it from foreclosing on its real property collateral in furtherance of what the debtor describes as a "lifelong vendetta" against LendingHome which the debtor also states he intends to pursue "for the rest of [his] life" because he is "not going away, ever[.]" Docket 93 at Ex. 9. That vendetta entails endless

litigation in state and bankruptcy courts.[2] Docket 92 at ¶¶ 2-5, 8-15; Docket 93 at Ex. 6, 7, & 8. At one point, the debtor told LendingHome's attorney that he would file bankruptcy in order to obtain relief denied him in another forum. Docket 93 at Ex. 6.

In furtherance of the debtor's self-described vendetta against LendingHome, after the court denied the debtor's motion to extend the automatic stay on August 9, 2018, Dockets 18 & 52-54, the debtor made two requests for injunctive relief in an effort to stop LendingHome's foreclosure: one request was improper and the other request was highly suspicious.

The debtor's first request for injunctive relief was improper. It was denied because the debtor did not request injunctive relief in an adversary proceeding.[3] Docket 106.

The debtor's second request for injunctive relief was nearly identical to his first, except with a twist. With the second request the debtor included as an exhibit a purported notice of appeal from the August 9, 2018, order denying the motion to extend the automatic stay. Docket 141 at Ex. A. When that purported notice of appeal was filed as an exhibit on September 25, 2018, that was the first time it appeared in the case.

The notice of appeal the debtor filed as an exhibit on

---

[2]Although LendingHome's attorney advised the court during the October 9, 2018, hearing that LendingHome managed to foreclose on its real property collateral on September 26, 2018, as the debtor states, his vendetta will continue long thereafter. Docket 93 at Ex. 9.

[3]After the court denied that request the debtor managed to return to state court where he obtained a temporary stay of the foreclosure. Docket 121.

September 25, 2018, was not on the docket, the clerk's office had no record of it ever being received or filed, it was not among other documents the debtor also filed on September 25, 2018, and the file stamp on the exhibit appeared suspect to the clerk's office. Docket 156. The debtor also did not mention any notice of appeal in his first request for injunctive relief filed two weeks earlier on September 10, 2018. Dockets 100, 156. LendingHome had also pointed out in an earlier opposition filed on September 4, 2018, that the "Debtor did not appeal the Court's order denying Debtor's Motion to Extend the Automatic Stay in the Current Case (Docket No. 52)." Docket 84 at 3:21-23. The debtor filed a reply to that opposition on September 11, 2018, and the reply made no mention of any pending appeal. Docket 109. And twice in the course of proceedings after the August 9, 2018, order was entered the court explicitly stated on the record, in open court, in the debtor's presence, and without any response from the debtor that the debtor did not appeal the August 9, 2018, order. Docket 53.

**Discussion**

A Chapter 13 petition filed in bad faith may be dismissed for cause under § 1307(c). Eisen v. Curry (In re Eisen), 14 F.3d 469, 470 (9th Cir. 1994)); Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999) (citation omitted). Bad faith is determined based on a consideration of a totality of the circumstances. Leavitt, 171 F.3d at 1224. The totality of the circumstances includes factors leading up to the filing of a petition. See Matter of Little Creek Develop. Co., 779 F.2d

1068, 1072 (5th Cir. 1986).

Although the general presumption under § 349(a) is that dismissal is without prejudice, meaning the debtor can refile, § 349(a) also permits the court to dismiss with prejudice, which is a bar to refiling. <u>Franco v. U.S. Trustee (In re Franco)</u>, 2016 WL 3227154, *5 (9th Cir. BAP 2016) (citing <u>Leavitt</u>, 171 F.3d at 1223-24). A finding of bad faith permits a dismissal with prejudice. <u>Id.</u> (citing <u>Leavitt</u>, 171 F.3d at 1224). And inasmuch as a dismissal with prejudice is a permanent bar to refiling a bankruptcy case, then dismissal with prejudice for bad faith may also include a lesser bar to refiling. <u>Id.</u> (citing <u>Johnson v. Vetter (In re Johnson)</u>, 2014 WL 2808977, *7 (9th Cir. BAP 2014)). "When dismissing with prejudice courts are to consider the following factors: (1) whether debtor misrepresented facts in the petition, unfairly manipulated the Bankruptcy Code, or otherwise filed in an inequitable manner; (2) debtor's history of filing and dismissals; (3) whether debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present." <u>Id.</u> (citing <u>Leavitt</u>, 171 F.3d at 1224).

Filing the petition that commenced this third Chapter 13 case several hours after the debtor's second Chapter 13 case was dismissed, and then filing a plan in this Chapter 13 case nearly identical to the one determined in the prior Chapter 13 case to be not feasible and therefore unconfirmable, without clear and convincing evidence of changed circumstances in the five-hour period between the two cases is a manipulation of the Bankruptcy

Code and the filing of a petition in an inequitable manner.[4] Manipulating the schedules to reflect a dubious reduction in unsecured debt and signing and filing those manipulated schedules under penalty of perjury is similarly a manipulation of the Bankruptcy Code and filing of a petition in an inequitable manner. Filing three Chapter 13 petitions followed by improper and suspicious requests for injunctive relief in an effort to hinder, delay, or defraud LendingHome by using the bankruptcy court to continue litigation in anticipation of relief denied in another forum - all in pursuit of a personal vendetta - is a manipulation of the Bankruptcy Code, the filing of bankruptcy petitions for an improper purpose and in an inequitable manner, and egregious conduct. And inasmuch as the court has previously determined that the debtor did not produce clear and convincing evidence of changed circumstances during the five-hour period between the dismissal of his prior Chapter 13 case and the filing of this one, the presumption that this Chapter 13 case was not filed in good faith has also not been rebutted.

In short, the debtor has engaged in bad faith conduct which is cause sufficient to warrant dismissal of this Chapter 13 case with prejudice. Moreover, based on the debtor's use of the

---

[4]The court rejects the debtor's argument that the relevant period for demonstrating changed circumstances is the period between the time he learned his prior case would be dismissed and this one was filed. Regardless of what a judge may state during a hearing, the written order controls. Playmakers LLC v. ESPN, Inc., 376 F.3d 894, 896 (9th Cir. 2004). Therefore, the relevant time period for demonstrating changed circumstances by clear and convincing evidence is the five-hour period between the entry of the order dismissing the debtor's prior case and the filing of the petition that commenced this one.

bankruptcy process to single out and target a creditor with whom the debtor has engaged in significant litigation in furtherance of a self-described vendetta, the court is persuaded that the debtor will continue to misuse and abuse the bankruptcy process and the bankruptcy courts for the same and similar purpose if the debtor is allowed to immediately refile another bankruptcy case upon the dismissal or conversion of this one. A dismissal of this Chapter 13 case with prejudice is warranted and in the best interest of creditors and the estate. Therefore, for all the foregoing reasons,

IT IS ORDERED that LendingHome's motion to dismiss is **GRANTED** and this Chapter 13 case is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the debtor is **BARRED** from filing a single or joint bankruptcy case under any chapter of the Bankruptcy Code for a period of one (1) year from the entry of this order.

**Dated:** October 10, 2018

Christopher D. Jaime, Judge
**United States Bankruptcy Court**

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Timothy Leroy Neher
288 Lower Gulch Rd
Oroville CA 95965

Jan P. Johnson
PO Box 1708
Sacramento CA 95812

Jonathan R. Doolittle
101 2nd St #1800
San Francisco CA 94105